IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAURA SMITH,

    Plaintiff,

vs.                                   Case No. 4:06cv496-WS/WCS

JACOBS ENGINEERING GROUP, INC.,

    Defendants.

                                          /

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY
## OF HENRY SADLER, DOC. 65

Plaintiff has moved to exclude the trial testimony of Henry Sadler. Doc. 65. Defendant has responded. Doc. 81. Plaintiff has supplemented this motion. Doc. 96. The supplement will be considered as a reply.

Plaintiff argues that Mr. Sadler does not have sufficient expertise to give a motor vehicle accident reconstruction opinion because much of Mr. Sadler's experience was as a civil engineer. Cited for this is Tokio Marine & Fire Ins. Co., Ltd. v. Grove Mfg. Co., 762 F.Supp. 1016 (D. Puerto Rico 1991). In Tokio, the issue was whether a crane was mechanically defective. The court held:

> A degree in civil engineering is not adequate preparation for the analyzing of problems which arise with machinery such as cranes, as is a mechanical engineer. Only a mechanical engineer can responsibly testify that lack of a certain attachment makes a crane defective.

762 F.Supp. 1017-1018. The court also found that the proposed expert lacked "relevant work experience." *Id.*, at 1018. Finally, the court found that the proposed expert:

> has never had any direct experience with the operation, repair or maintenance of cranes. Nor has he ever used a "load moment indicator." Furthermore, Mr. Alterman's experience in accidents which involved cranes, is not equivalent to the specialized knowledge of a mechanical engineer or crane designer and manufacturer. An investigator in accidents is not an expert in the fullest sense of the word.

*Id.*

Plaintiff contends that Mr. Sadler is not an expert because he did not obtain a certificate as a professional engineer from the State of Maryland until 1980, but claims 40 years of experience as a professional engineer. Mr. Sadler states on his resume that he is a "Registered Professional Engineer in the State of Maryland (#12063) with over 40 years experience." Doc. 65, p. 11 on the electronic case filing (ECF) docket. This certainly implies 40 years of experience as a registered professional engineer. Defendant has explained that Mr. Sadler graduated from high school in 1962. To obtain a professional engineer certificate from the State of Maryland in 1980, he had to spend 12 years working as an engineer. Doc. 81, p. 2. Thus, the statement that he has 40 years experience as an engineer is true. This also adequately explains how he was employed as an "engineer" for Wilson T. Ballard Company from 1967 to 1971 and for D.S. Thaler & Associates in 1976. Those employments were part of his required practical experience. The representation of 40 years experience as a registered professional engineer, however, is false and is puffing.

Plaintiff argues that Mr. Sadler misrepresented his degree.  On his resume he stated: "Graduate Baltimore Polytechnic Institute, 1962."  Despite its title, the institution is a high school.  The failure to explain that this was a technical high school is disturbing.  Plaintiff argues that this left the impression that Mr. Sadler obtainED his baccalaureate from a university.  The word "graduate" does not necessarily imply a college degree.  It indicates, instead, that the school did not award college degrees.  Had Mr. Sadler meant to represent that he had obtained an engineering baccalaureate, he would have used the conventional initials B.S.E.,  B.A., B.S., or some other four year degree.  In sum, this representation is somewhat misleading, but not misleading to the careful reader.

Plaintiff argues that Mr. Sadler's resume contains a misrepresentation about research.  The resume states: "Current research is in the motion of occupants during low speed impacts including the interaction of their spinal vertebrae during the collision."  Doc. 65, p. 11 on ECF.  Plaintiff argues that this is a misrepresentation because Mr. Sadler testified that he is not engaged in research projects, but is reading articles.  While "research" in the field of science and engineering often involves experimentation, it may also involve examination of the professional literature.  Again, the expression "current research" smacks of puffing, but is not technically untrue.

Mr. Sadler's representation in his resume that he is an "Author and Certified Instructor of a nationally accredited continuing education course for insurance adjusters" is seriously misleading.  Mr. Sadler has only created a PowerPoint presentation that he distributes without cost to obtain business, and he is not paid a fee for presentations.

This would not seem to be "certified," "nationally accredited," or "continuing education" in any formal sense.

Mr. Sadler's expertise as a civil engineer does not qualify him as an expert in accident reconstruction. The Tokio case is persuasive as to this point. If Mr. Sadler is to have expertise at all, it must come from his 9 years of experience in that field as it may have been assisted by his knowledge of civil engineering.

Mr. Sadler states in his resume that his professional experience includes: "Personally involved in over 2100 accident investigations." Doc. 65, p. 11 on ECF. He also states he has been doing this for 9 years. Defendant explains that Mr. Sadler was "personally involved," whether the accident investigations were "conducted by him or by another engineer under his supervision." Doc. 81, p. 3. This is a misrepresentation and is puffing. One is not "personally involved" with someone else's work when one is a supervisor.

That Mr. Sadler relied upon information in several automotive magazines is not relevant to the question of whether he is qualified to give an expert opinion. Defendant has shown that Mr. Sadler referred to the magazines to show that Plaintiff's expert, Dr. Booeshaghi erred in formulating his opinion by relying on data contained in a program derived from those magazines. Doc. 81, p. 4.

That Mr. Sadler attended a variety of seminars is not a basis for disqualification of him as an expert. Mr. Sadler presents himself as an expert based upon 9 years of experience, research, and attendance at seminars.

Plaintiff contends that Mr. Sadler is not qualified to give an expert opinion because he improperly used vehicle crush and stiffness coefficients for vehicles that

were not the same make and models as those in the collision giving rise to this suit. Defendant argues that since not all makes and models are tested in crashes from identical angles, substitution of like makes and models is common practice in the industry.  Doc. 85, p. 6.  This is an adequate explanation.

Finally, Plaintiff contends that Mr. Sadler is not an expert because he did not "visit the scene of the accident or examine the automobiles for their damages."  Doc. 65, p. 6.  This apparently is true, but the relevance is not shown.

In summary, Mr. Sadler is guilty of puffing in a number of places in his resume. But Plaintiff's challenges to the credentials of Mr. Sadler do not address the central question:  What kind of expertise must a person have to be allowed to give expert opinion to a jury as to accident reconstruction?  The various points presented by Plaintiff challenge his expertise without effect as the court has no clear concept of what sorts of training an accident reconstruction expert *should* have.  I am left with the understanding that Mr. Sadler claims expertise due to a 40 year career in engineering, most of which was in civil engineering, 9 years of experience doing accident reconstructions, attendance at a number of seminars, and paper research.  Some of the points raised by Plaintiff are well-taken, as noted above, but the result is only a list of good arguments for the jury.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion in limine to exclude the expert testimony of Henry Sadler, doc. 65, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2008.


s/   William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**