**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LAURA SMITH,**

    Plaintiff,

vs.                                                **Case No. 4:06cv496-WS/WCS**

**JACOBS ENGINEERING GROUP, INC.,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant has filed a motion in limine. Doc. 72. Plaintiff has responded. Doc. 108. The issues will be addressed in the order presented in the motion. I make these recommendations cautiously, however, as admission of evidence at trial is especially committed to the discretion of the presiding judge.

**The arrest record of Adam Smith, Defendant's driver, for contributing to the delinquency of minors**

In 2002, Adam Smith, Defendant's driver, entered a nolo contendere plea to four counts of contributing to the delinquency of a minor. He successfully completed the pretrial intervention program and the charges were dismissed. Garrett Martin, Smith's supervisor, testified in his deposition that he would like to have known about these

offenses when he hired Smith, but he did not know whether he expected or required Adam Smith to tell him about those offenses. Doc. 108, Ex. A, p. 8. Apparently the charges involved giving alcohol to under-age females. *Id.*

Count II of the amended complaint alleges negligent hiring and retention as a driver. As to that claim, "the ultimate question of liability to be decided is whether it was reasonable for the employer to permit the employee to perform his job in the light of information about him which the employer should have known." Tallahassee Furniture Co., Inc. v. Harrison, 583 So. 2d 744, 751 (Fla. 1st DCA 1991), *review denied*, 595 So. 2d 558 (Fla. 1992). These particular offenses have little bearing upon the fitness of Smith to drive safely for Defendant, especially since Smith successfully completed the pretrial diversion program. The motion in limine should be granted as to this evidence.

**Plaintiff's family history of cancer**

Plaintiff has had two extended leaves of absence from work, both involving care of family members who had cancer. If Defendant argues that Plaintiff's work history is sporadic and indicative of a lack of desire to work, Plaintiff should be permitted to explain why she had these periods when she did not work. The motion in limine should be denied as to this evidence.

**Non-Surveillance by Defendant**

Plaintiff consents to entry of a motion in limine precluding evidence that Defendant has not conducted secret surveillance of Plaintiff.

**Other people named Adam Smith**

Case No. 4:06cv496-WS/WCS

Plaintiff argues that evidence of the criminal histories of other persons named Adam Smith, other than the Adam Smith who ran into Plaintiff, is relevant to the negligent hiring claim. The theory is that this other Adam Smith had a bad criminal history, and this should have spurred Defendant to more thoroughly investigate the background of the Adam Smith it did hire. I disagree. It might just as well be argued that Defendant might have become alarmed had it run the criminal histories of ten people at random. There are lots of bad criminal histories to be discovered. Further, the name is the same as Defendant's driver, and such evidence has the potential of confusing the jury. The motion be granted as to the "other" Adam Smith.

**Defendant's employment policy that employees never admit liability**

This is fair game, in my opinion. See the order I have entered today with respect to Defendant's motion to strike, pages 4-5. The motion in limine should be denied as to this evidence.

**Billing of the cost of repairs to the vehicle operated by Adam Smith to the Florida Department of Transportation**

This also is fair game, in my opinion. See the order I have entered today with respect to Defendant's motion to strike, pages 3-4. The motion in limine should be denied as to this evidence.

**Driver's license or licenses of Adam Smith, Defendant's driver**

The motion in limine should be denied as to this. The motion asks the court to rule that the two driver's licenses are the same, or that there is a scrivener's error on one, or that one is a blurry copy. The jury should sort this out, not the court.

**That Defendant's expert is not from Tallahassee**

Apparently one of Defendant's experts is from Virginia and the other is from Orlando.  Plaintiff wants to ask the experts to state *how many* experts are between Tallahassee, Virginia, and Orlando, and to state *why* Defendant went to Virginia or Orlando to retain him.  The witness probably does not know the number of such experts or why Defendant retained him, and all of this would be beyond his expertise.

Defendant, however, wants a motion in limine to prohibit argument that an expert who comes from Virginia or Orlando is less trustworthy than a home town expert.  Were the argument made the other way, that home town experts are always guilty of "home cooking," I would grant a motion to prohibit the argument.  The same is true here.  The motion in limine should be granted and Plaintiff precluded from asking the questions as phrased by Plaintiff or arguing that Defendant's experts are untrustworthy because they do not live in Tallahassee.

Accordingly, it is **RECOMMENDED** that the Court **GRANT** the motion in limine, doc, 72, as to (1) the arrest record of Adam Smith, Defendant's driver, for contributing to the delinquency of minors, non-surveillance by Defendant, (2) the "other Adam Smith (the criminal histories of people other than the Adam Smith who drove for Defendant), and (3) as to any argument that Defendant's experts are not to be believed because they do not live in Tallahassee, but otherwise **DENY** the motion.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2008.

 s/    William C. Sherrill, Jr.  
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**