## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**LAURA SMITH,**

      **Plaintiff,**

**vs.**                                 **Case No. 4:06cv496-WS/WCS**

**JACOBS ENGINEERING GROUP, INC.,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON DOC. 106

Plaintiff filed a third motion, doc. 105, and a corrected motion, doc. 106, for sanctions and to strike the testimony of Dr. Woodhouse pursuant to FED. R. EVID. 104(a) and 702, "for repeated false testimony given in the State of Florida concerning his prior opinions being stricken."  The corrected motion is supported excerpts from a deposition of Dr. Woodhouse in a state case.  Doc. 109.  Defendant filed a response to this motion. Doc. 124.  I recently entered a report and recommendation concerning Plaintiff's first two motions directed to the testimony of Dr. Woodhouse.  Doc. 128.  If the court adopts that report and recommendation, and excludes the testimony of Dr. Woodhouse on those grounds, this motion will be moot.

On September 26, 2005, a Florida circuit court struck Dr. Woodhouse from the witness list in Coachman v. State Farm Mut. Auto. Ins. Co., No. 48-2000-CA-005487-0, in the Circuit Court in and for the Ninth Judicial Circuit, Orange County, Florida.  Doc. 106, p. 42, Ex. B.  In a deposition on August 6, 2007, in another case in the Orange County, Florida, Ferguson v. State Farm Mut. Auto. Ins. Co., No. 06-CA-10989, Dr. Woodhouse testified that he was not aware that any court in the nation had struck his injury causation analysis.  Doc. 106, p. 45, Ex. C.

On December 10, 2007, Dr. Woodhouse was deposed in a Leon County Circuit Court case no. 2006-CA-3175, Harrell v. Eisman.  Doc. 106, p. 2.  Dr. Woodhouse was asked whether his testimony had ever been stricken or disallowed "with respect to human impact biomechanics," and he said "no."  Id., p. 52, Ex. D.  He was also asked whether any court had ever disqualified him as an expert witness, and he said no.  Id., p. 53.

On February 15, 2008, Plaintiff in the case at bar took the deposition of Dr. Woodhouse.  Doc. 109, p. 58, Ex. E.  Dr. Woodhouse was asked:  "[H]ave your opinions ever been disqualified [in any case] because the MADYMO simulations you have relied upon were created by principals at Biodynamic Research Laboratories?" and he answered "no."  Id., p. 60.  Plaintiff argues that while this answer was technically truthful, since the question was so narrow, a MADYMO simulation prepared by a third party (not by "principals of Biodynamic Research Laboratories") was struck by Judge Thorpe in Coachman.  Doc. 106, p. 4.

In the supplemental filing, Plaintiff attached deposition excerpts taken on June 3, 2004, in Hinson v. Granger Lumber - Hardware, Inc., No. 01-1808-CA, in the Fourth

Judicial Circuit in and for Duval County, Florida.  Doc. 109, p. 5, Ex. A.  In that case, Dr.

Woodhouse admitted that his scope of opinions had been restricted by the court in one

case, and he said that he knew of "one case not allowing me to testify."  *Id.*, p. 7.  He

said that the judge permitted him to testify in one case, but not "with regards to

causality."  *Id.*  He thought that the second case was in Wilkes-Barre, Pennsylvania, and

that he testified for a company call ARCCA.  *Id.*  Dr. Woodhouse said that the first case

was in Niagra Falls, and "in that case the Judge would not permit the engineer to testify.

And, subsequently, his findings were findings that I had used in my analysis, and thus I

wasn't allowed to testify."  *Id.*, p. 8.

Consequently, Plaintiff argues that Dr. Woodhouse should not be allowed to

testify because he has been untruthful in his prior testimony.  To summarize this

evidence, on June 3, 2004, Dr. Woodhouse knew that he was not allowed to testify in a

prior case, and he knew that he had not been allowed to testify as to causality in

another case because he relied on the findings of another expert who was not allowed

to testify.  On September 26, 2005, Dr. Woodhouse was not permitted to testify in the

Coachman case.  On August 6, 2007, and again on December 10, 2007, Dr.

Woodhouse testified that he was not aware of not being allowed to testify in any prior

case.

Defendant responds with the affidavit of Andrew Rariden, Esq., who was the

attorney for State Farm in the Coachman case.  Doc. 124, p. 5.  Mr. Rariden states that

after a *Frye* hearing, the presiding judge excluded the opinion of Dr. Woodhouse.  *Id.*

Mr. Rariden states that on the eve of the trial, he instructed his secretary to call Dr.

Woodhouse's office and advise him that he would not be calling him at the trial.  *Id.*, p.

6.  Mr. Rariden further avers that he did not tell Dr. Woodhouse, either personally or through his secretary, the reason he was not a witness in the <u>Coachman</u> case.  *Id.*

There is no evidence, however, that Mr. Rariden's secretary did not explain to Dr. Woodhouse that he was not to be a witness due to a court order excluding his testimony.  That would have been the usual, courteous thing to do.  The call cancelling his trip and his testimony came on the eve of trial.  Dr. Woodhouse had prepared to testify and probably expected to be well-paid for his testimony.  Even if Mr. Rariden's secretary did not explain why Dr. Woodhouse was not to be a witness, which is doubtful given the timing of the call, it is likely that Dr. Woodhouse asked for some explanation for the cancellation.

Further, it seems inexplicable that in these three very recent depositions, Dr. Woodhouse would not have remembered what he had said in 2004 about his testimony having been excluded or limited twice before that date.  Indeed, while, in the August, 2007, deposition, Dr. Woodhouse may not have been shown the order disallowing his causation opinion in the <u>Coachman</u> case, he was plainly told that such an order existed. Doc. 106, p. 45.  Yet he failed to mention that possibility or the earlier limitations and exclusions in the deposition in December, 2007, and in this case, in February, 2008.

These memory lapses are not garden-variety memory lapses.  Dr. Woodhouse is an expert witness.  He has been an expert witness in a number of cases.  He knows that his opinion testimony in a federal court will be subjected to intense scrutiny as required by <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).  I can think of nothing more fundamental to the fair presentation of an expert's opinion than a ruling of a prior court that the expert is not an expert.  Prior

court rulings as to the admissibility of Dr. Woodhouse's expert opinions could be significant stumbling blocks to his expert testimony in the case at bar.  At the very least, those opinions would provide important information for use by Plaintiff in challenging Dr. Woodhouse's conclusions in the case at bar.  If Plaintiff does not know about the prior court rulings, Plaintiff is unable to mount such challenges.

Still, Plaintiff has not identified a clear legal basis for the sanction sought.  Dr. Woodhouse did not testify untruthfully in his deposition in this case, and Plaintiff has not pointed to any other potential violation of a discovery rule.  Therefore, FED. R. CIV. P. 37 sanctions do not apply.  That a witness has lied on other occasions is generally not a basis to exclude the testimony of the witness.  United States v. Mallah, 503 F.2d 971, 981 (2d Cir. 1974), *cert. denied*, 420 U.S. 995 (1975).  FED. R. EVID. 104 provides that the court shall determine preliminary questions of "the qualification of a person to be a witness," but this task is governed by Daubert.  A Daubert motion is pending.  Doc. 127.

In summary, this motion only raises credibility issues that a jury will resolve.  It will be enough that the jury be allowed to have a complete view of the deposition testimony of Dr. Woodhouse in other cases, including orders from other courts that have limited or excluded the testimony of Dr. Woodhouse.  To that end, the court should be very generous in its evidentiary rulings so that the jury has all the evidence concerning the matters raised in this motion.

However, the matters raised by this motion, as well as the other motions directed toward the testimony of Dr. Woodhouse, will be fully considered when I prepare my report and recommendation on document 127, the Daubert motion.  Plaintiff is entitled to consideration of the cumulative effect of all of these problems with the testimony of

Dr. Woodhouse, to the extent relevant to a <u>Daubert</u> ruling, when that motion is

determined.

Accordingly, it is **RECOMMENDED** that Plaintiff's corrected motion for sanctions,

doc. 106, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2008.


<u>s/    William C. Sherrill, Jr.          </u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**