UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAURA L. SMITH,

       Plaintiff,

v.                                                   4:06cv496-WS

JACOBS ENGINEERING GROUP, INC.,

       Defendant.

_____

ORDER GRANTING DEFENDANT'S
MOTION IN LIMINE

Before the court is the magistrate judge's report and recommendation (doc. 111) docketed March 13, 2008. The magistrate judge recommends that the defendant's motion in limine (doc. 72) be granted in part and denied in part. The defendant has filed objections (doc. 138) to the report and recommendation.

In its motion, the defendant asks for an order in limine precluding the plaintiff from introducing evidence and/or argument regarding eight (8) matters: (1) Adam Smith's arrest record; (2) the plaintiff's family history of cancer; (3) non-surveillance of the plaintiff by the defendant; (4) other individuals named "Adam Smith;" (5) the defendant's instruction to employees that, in case of an accident, they are to deny liability even if they feel they are at fault; (6) who paid for the repairs to the vehicle driven by Adam Smith; (7) Adam's Smith's driver's license(s); and (8) the "untrustworthiness" of the defendant's out-of-town experts. The magistrate judge

recommends that the motion be granted as to the first, third, fourth and eighth matters. Without objection, the court adopts the magistrate judge's report and recommendation as to four these matters.

As to the second matter, the defendant seeks an order prohibiting the plaintiff from alluding to the incidence of cancer in her family's history. The magistrate judge recommends that the defendant's motion be denied in this regard. Because the incidence of cancer in the plaintiff's family is not relevant to the issues in this case, the court will grant the defendant's motion to preclude any mention of cancer. The motion will be granted without prejudice, however, to the plaintiff's right to seek admission—*if* it becomes relevant—of evidence that the plaintiff was absent from work to take care of ill family members. No mention of the specific illness need be made.

As to the fifth matter, the defendant seeks an order prohibiting the plaintiff from introducing evidence regarding the defendant's written instruction to employees about what to do in the case of an accident—namely, employees are instructed that they should "not admit liability, even if [they] feel [they] are at fault." The magistrate judge recommends that the defendant's motion in limine be denied in this regard. The court disagrees with that recommendation and will grant the motion, but without prejudice to the plaintiff's right to seek admission of the evidence *if it should become relevant.*

As to the seventh matter, the defendant seeks to preclude admission of evidence that Adam Smith used multiple Florida driver's licenses. In her response to the defendant's motion in limine, the plaintiff did not address this issue. The magistrate judge suggests that "the jury should sort this out." Because the court is not convinced that the evidence will be relevant to the remaining claim in the case, the defendant's

motion in limine will be granted without prejudice to the plaintiff's seeking admission of the evidence *if it proves to be relevant.*

As to the sixth matter, the defendant seeks to preclude admission of evidence about *who* may have paid for the repairs to the vehicle driven by Adam Smith. The defendant anticipates that the plaintiff will seek to introduce an email sent by Adam Smith to the defendant's compliance auditor, stating as follows:

> Yes, I was involved in a minor accident and the result was a bent bumper. I ask[ed] Wayne Jackson in Tampa how to bill it and he said to bill the parts to the project. The truck is fixed and I am holding the bill.

The subject line on the email is TEA214270, the designation of the Florida Department of Transportation ("FDOT") project on which Adam Smith was assigned at the time of the accident. According to the plaintiff's counsel, the email indicates that "Adam Smith was seeking reimbursement for the cost of the parts," and that Jacobs "instructed that the cost of parts be bill[ed] to a Florida Department of Transportation Project." On the strength of that one email, the plaintiff has suggested that Jacobs "fraudulently" charged the repairs to the Jacobs-leased vehicle to the State of Florida.

In his report and recommendation, the magistrate judge stated only that evidence regarding who paid for the repairs to the vehicle driven by Adam Smith is "fair game." In his order denying the defendant's motion to strike impertinent, immaterial, and scandalous matters, the magistrate judge explained more fully:

> Defendant has represented that it is a self-insurer. If that is the case, it would be suspicious if Defendant billed this loss to "the project" instead of to itself.
>
> Defendant will introduce as evidence that low cost of repairs to Plaintiff's vehicle as evidence that she could not

>have been seriously injured in the accident.  Indeed, this was a factor in the court's order granting summary judgment to Defendant with respect to punitive damages.  The evidence of the low cost or repairs to Plaintiff's vehicle is the amount paid by Defendant's insurer based upon an appraisal by an appraiser hired by Defendant.  That Defendant may have found another way to keep from paying money for this accident (bill it to the Florida Department of Transportation) could be material evidence that the appraiser hired by Defendant to assess the damages to Plaintiff's vehicle came in with a low property damage appraisal to minimize the risk of personal injury damages.  As this stage in this case, I cannot tell whether it matters that Plaintiff's vehicle suffered just over $676 in damages or some greater amount, but Defendant has placed the low amount at issue, and Plaintiff is entitled to explore Defendant's motive in diminishing its own out of pocket expenses resulting from this accident. The motive of Defendant, to save money arising from the accident, is the same in either case.

The defendant objects to the magistrate judge's "fair game" recommendation. Among other things, the defendant maintains that the identity of the party who paid the repair bill has no tendency "to render any consequential fact more or less probable." The court agrees.

The magistrate judge's suggestion that the evidence could show "that the appraiser hired by Defendant to assess the damages to Plaintiff's vehicle came in with a low property damage appraisal to minimize the risk of personal injury damages" represents a stretch this court is unwilling to make.  Lastinger is an *independent* appraiser who was retained not by the defendant but by ACE/ESIS, which was under contract to provide claims adjustment services for the defendant.  Without any remuneration from the defendant, Lastinger appraised the plaintiff's vehicle six days after the accident using a computerized damage estimating system that has been marketed to body shops, insurance appraisers, and insurance companies for many

years. That Adam Smith later sent an email suggesting that the repair costs were to be charged to the FDOT project[1] does not establish—or even *tend* to establish—that Lastinger was anything less than objective in performing his appraisal services. The evidence will not be admissible at trial.

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation is ADOPTED to the extent the first, third, fourth, and seventh matters raised in the defendant's motion in limine are addressed.

2. The defendant's motion in limine (doc. 72) is GRANTED as to the first, third, fourth, sixth, and eighth matters raised in that motion. The plaintiff will accordingly be precluded from introducing evidence regarding (1) the arrest record of Adam Smith; (2) the non-surveillance of the plaintiff by the defendant; (3) other individuals named "Adam Smith;" (4) the identity of the party who paid for the repairs to the vehicle driven by Adam Smith; and (5) the residence or business location of the defendant's experts.

3. The defendant's motion in limine (doc. 72) is GRANTED WITHOUT PREJUDICE as to the second, fifth, and seventh matters raised in that motion. At trial, *upon a showing of relevance*, the plaintiff may seek admission of evidence that (1) the plaintiff was absent from work because of family illness; (2) the defendant instructs its employees to deny liability even when they feel they are at fault; and (3) Adam Smith used more than one driver's license.

---

[1] It is unclear from the record whether the repair costs were simply charged to the FDOT project for accounting purposes, whether they were actually billed to FDOT, or whether FDOT in fact paid for them. In any event, *who* paid for the cost of repairs is not relevant to the issues in this case.

DONE AND ORDERED this <u>  28th  </u> day of <u>  April  </u>, 2008.


                                        <u>s/ William Stafford                                   </u>
                                        WILLIAM STAFFORD
                                        SENIOR UNITED STATES DISTRICT JUDGE