UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAURA L. SMITH,

    Plaintiff,

v.     4:06cv496-WS

JACOBS ENGINEERING GROUP, INC.,

    Defendant.

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

    Before the court is the magistrate judge's report and recommendation (doc. 110) docketed March 12, 2008.  The magistrate judge recommends that the defendant's motions for sanctions (docs. 68 & 76) be GRANTED in part.  The parties have filed objections (docs. 134 & 136) to the report and recommendation, and the defendant has responded (doc. 144) to the plaintiff's objections.

    The plaintiff has sued the defendant for damages arising from personal injuries that she allegedly sustained in a 2006 vehicular accident caused by one of the defendant's employees.  Needless to say, the plaintiff's medical history is of vital importance in this personal injury case.  The plaintiff and/or her counsel nonetheless failed to timely disclose to the defendant two important items of medical evidence: (1) an ambulance trip—following an automobile accident in early 2000—to the Tallahassee

Memorial Regional Medical Center, where x-rays revealed degenerative cervical disc disease; and (2) an independent medical examination performed at the behest of the plaintiff's insurer following the accident at issue in this case. The plaintiff's failure to disclose during the discovery period medical evidence, which in this case was material, was—at the very least—inexcusable; for such dereliction she deserves to be sanctioned.

The magistrate judge has recommended a number of sanctions, short of dismissal. The court has reviewed the magistrate judge's recommendations in light of the parties' objections and has determined that the recommended sanctions are appropriate to address the plaintiff's misconduct. Accordingly, it is ORDERED:

1. Except for the defendant's request for dismissal, the motions for sanctions (docs. 68 & 76) are GRANTED.

2. At trial, the defendant shall be permitted to place into evidence the plaintiff's discovery defaults and shall be permitted to argue to the jury reasonable inferences that may arise from these defaults.

3. Discovery shall be reopened for the limited purpose of permitting the defendant to depose the doctor who performed the independent medical examination, to re-depose the plaintiff, and to re-depose any other witness to whom the disclosure of the independent medical examination and/or the 2000 trip to the hospital would have been material.

4. The defendant shall have a period of sixty (60) days from the date this order is docketed to complete this limited additional discovery.

Case No. 4:06cv496-WS

5. The plaintiff shall pay all of the defendant's reasonable expenses, including attorney's fees, for the limited discovery permitted by this order. The court reserves the right to disallow—upon motion by the plaintiff—any fees and expenses that are deemed unnecessary.

6. Trial will not be scheduled until the plaintiff has paid to the defendant the fees and expenses required herein.

DONE AND ORDERED this   8th   day of   September  , 2008.


                                      s/ William Stafford
                                      WILLIAM STAFFORD
                                      SENIOR UNITED STATES DISTRICT JUDGE