IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAURA SMITH,

    Plaintiff,

vs.                                    Case No. 4:06cv496-WS/WCS

JACOBS ENGINEERING GROUP, INC.,

    Defendant.

                                  /

## REPORT AND RECOMMENDATION TWELVE
## ON DOCUMENT 203

Plaintiff has filed a renewed motion to allow the rebuttal expert testimony of Dr. Freeman.  Doc. 203.  Defendant opposes.  Doc. 210.

The scheduling order did not address the timing of the disclosure of rebuttal expert witnesses.  Doc. 6, ¶ (2)(c).  The timing of service of Plaintiff's rebuttal expert, therefore, is governed by Rule 26(a)(2)(C), which provides:

> Absent a stipulation or a court order, the disclosures must be made: . . .
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

FED. R. CIV. P. 26(a)(2)(C).

There is no stipulation.  There was an order that set November 16, 2007, for the disclosure of Defendant's expert witnesses, but that order did not speak to the timing of the disclosures of rebuttal experts.  Doc. 31.  Thus, FED. R. CIV. P. 26(a)(2)(C) governs here.

Defendant failed to comply with the November 16, 2007, deadline.  In my last report and recommendation, I recommended that the district judge find that Defendant finally complied with Rule 26 and properly disclosed the opinions of Defendant's expert, Dr. Woodhouse, on October 22, 2008, when Defendant served upon Plaintiff a supplemental expert report.  Doc. 200, p. 2.  That recommendation has not yet been adopted by the district judge.

If my last report and recommendation, doc. 200, is adopted, Defendant gains an expert witness at trial but the date of the expert disclosure is October 22, 2008.  In that case, Plaintiff's disclosure of a rebuttal expert, filed with the motion on November 4, 2008, is timely.  If it is not adopted, Plaintiff's need for a rebuttal expert is moot.

Defendant's arguments that Plaintiff's rebuttal expert report is inadequate under Rule 26, or that Plaintiff's expert will fail a *Daubert* test, are premature.  The district judge has yet to consider this report and recommendation to allow Dr. Freeman as a rebuttal expert witness.

Accordingly, it is **RECOMMENDED** that Plaintiff's renewed motion to allow the rebuttal expert testimony of Dr. Freeman, doc. 203, be **GRANTED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 26, 2008.

                                                           s/   William C. Sherrill, Jr.
                                                           **WILLIAM C. SHERRILL, JR.**
                                                           **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**